IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAN SPENCE AND FORTEZZA ENTERPRISES, INC.,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:15-CV-3643-L** |
| **FLAGSTAR BANK, F.S.B.,** | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss (Doc. 4), filed November 18, 2015. After considering the motion, response, pleadings, and applicable law, the court **grants** Defendant's Motion to Dismiss (Doc. 4) and **dismisses with prejudice** this action.

### I.   Procedural Background

On September 30, 2015, Plaintiffs brought this mortgage foreclosure action in state court alleging three violations of the Texas Constitution. In Count 1, Plaintiffs allege that Defendant's attempted foreclosure of their property violated Article XVI, Section 50(a) of the Texas Constitution because the debt that formed the basis of the foreclosure was not obtained for a purpose allowed under Article XVI, Section 50(a). Specifically, Plaintiffs assert that the amount of their note was more than 80% of the fair market value of the property. In support of Count 2, Plaintiffs allege that Defendant violated Article XVI, Section 50(a)(6)(Q)(x) of the Texas Constitution by failing to comply with its foreclosure obligations and not curing such failure within sixty days from the date of notification by Plaintiffs. Finally, Plaintiffs allege with respect to Count 3 that Defendant's filing of an Application for Foreclosure Under Rule 736 of the Texas Rules of Civil Procedure violates

Article XVI, Section 50(a)(6) of the Texas Constitution because they were deprived of the opportunity to file an answer to the Application for Foreclosure.  Plaintiffs also seek a declaratory judgment that Defendant's lien on Plaintiffs' property is null and void because it does not secure a debt described in Article XVI, Section 50(c) of the Texas Constitution.  Plaintiffs seek actual damages, statutory damages, and the aforementioned declaratory relief.  On November 11, 2015, Defendant removed the case to federal court based on diversity of citizenship and the amount in controversy exceeding $75,000.  Defendant has moved for dismissal of all of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations and other grounds.

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks,

**Memorandum Opinion and Order – Page 2**

citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corporation*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan*

*Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

### III. Analysis

Defendant contends that: (1) Plaintiffs' claims for violations of Section 50(a) of the Texas Constitution are barred by the applicable statute of limitations; (2) there is no basis in law for Plaintiffs' constitutional claim regarding Rule 736; and (3) Plaintiffs' request for declaratory relief

fails because their underlying claims fail as a matter of law. In a one-sentence response, Plaintiffs state that they do not oppose Defendant's Motion to Dismiss in light of the affirmative defense of statute of limitations raised by Defendant. It is unclear from Plaintiffs' response whether they agree to dismissal of this action in its entirety or only to the dismissal of their claims that are time-barred. Regardless, the court concludes that Defendant is entitled to dismissal of this action under Federal Rule of Civil Procedure 12(b)(6).

### A. Counts 1 and 2 (Section 50(a)(6) Violations)

Counts 1 and 2 are based on alleged violations of Section 50(a)(6) of the Texas Constitution arising from Plaintiffs' home equity loan dated June 10, 2002. As previously noted, Defendant contends, and Plaintiffs concede, that these claims are barred by the applicable statute of limitations.

Under Texas law, a mortgage, deed, or other lien on a homestead is not valid unless it secures a debt described by Section 50 of Article XVI to the Texas Constitution. Tex. Const. Ann. art. XVI, § 50(c). Section 50(a)(6) contains numerous requirements that a home equity loan must satisfy. Section 50(a)(6)(B) prohibits loans that, when added to the principal balances of all other liens against the home, exceed 80% of the home's fair market value. Section 50(a)(6)(Q)(x) entitles a borrower to forfeiture of principal and interest for uncured violations of Section 50(a)(6). *Vincent v. Bank of America, N.A.*, 109 S.W.3d 856, 861 (Tex. App.—Dallas 2003, pet. denied).

In *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013), the Fifth Circuit held that suits seeking to invalidate homestead liens that violate the Texas Constitution, including those for constitutional infirmities under Section 50(a)(6), are governed by the Texas residual four-year statute of limitations period. *Id.* at 673-74. Claims alleging violations of Section 50(a)(6) accrue when the unconstitutional loan is made. *Id.* at 674-75. Under *Priester*, Counts 1 and 2 for

alleged violations of the Texas Constitution are subject to a four-year statute of limitations that began to run on June 10, 2002, the date of Plaintiffs' home equity loan. The limitations period expired on June 10, 2006, more than nine years before Plaintiffs filed this action. Plaintiffs' claims for alleged violations of Section 50(a)(6) of the Texas Constitution (Counts 1 and 2) are, therefore, barred by the statute of limitations.

B.     **Count 3 (Constitutionality of Rule 736)**

Regarding this claim, Defendant contends:

> [T]he Texas Rules of Civil Procedure specifically provide for a mechanism which lenders are permitted to obtain an order permitting the foreclosure of a home equity security interest. Plaintiffs' allegation that Defendant violated § 50(a) because it attempted to pursue a remedy available to it is nonsensical.
>
> Plaintiffs do not explain, nor do they cite any authority explaining, how the use of Rule 736 of the Texas Rules of Civil Procedure could serve to deny Plaintiffs access to any rights afforded to them by the Texas Constitution. The Rule 736 expedited foreclosure procedure specifically provides the respondent, in this case Plaintiff Dan Spence, the opportunity to refute the Application for Expedited Foreclosure—an opportunity Plaintiffs availed themselves of.

Def.'s Mot. to Dismiss 6. Plaintiffs' response to Defendant's Motion to Dismiss does not address this argument by Defendant, but, as previously noted, Plaintiffs' constitutional challenge to Rule 736 is based on their contention that the rule violates Section 50(a)(6) of the Texas Constitution because they were deprived of the opportunity to file an answer to Defendant's Application for Foreclosure under Rule 736.

The Texas Supreme Court promulgated Rules 735 and 736 of the Rules of Civil Procedure, pursuant to Article XVI, Section 50(r) of the Texas Constitution, to provide expedited judicial foreclosure proceedings related to the foreclosure of liens under Article XVI, Section 50(a)(6) of the Texas Constitution. 61 Tex. B. J. 226, 226 (1998, amended 2000). The Texas Supreme Court's

promulgation of Rules 735 and 736 was in response to the Texas legislature's enactment of section 51.002 of the Property Code, applicable to nonjudicial foreclosures. *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.)  Under Rule 735, a party seeking to foreclose a lien created under Section 50(a)(6) may file: "(1) a suit seeking judicial foreclosure; (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Tex. Prop. Code § 51.002; or (3) an application under Rule 736 for an order allowing foreclosure." *Id.* (citing Rule 735).  Under Rule 736, a respondent may file a response contesting an application for expedited judicial foreclosure.  Tex. R. Civ. P. 736(5).  A response may not include any independent claims for relief, *id.*; however, a respondent may file a "a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed," and such action will automatically stay an order or proceeding under Rule 736.  Tex. R. Civ. P. 736(11).  Thus, the express language of Rule 736 refutes the basis for Plaintiffs' constitutional challenge and  contention that they were denied the opportunity under this procedural rule from answering or responding to Defendant's Application for Foreclosure.  Count 3, therefore, fails as a matter of law.

**C.     Declaratory Judgment**

Plaintiffs' response to the Motion to Dismiss does not address Defendant's contention that Plaintiffs' request for declaratory relief should be dismissed.  "In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant."  *Val-Com Acquisitions Trust v. Citimortgage, Inc.*, 421 F. App'x 398, 400-01 (5th Cir. 2011).  When a declaratory judgment action is based on the plaintiff's underlying claims, and

those claims are dismissed for failure to state a claim, there is no basis for which the court can grant the declaratory relief sought. *See id.* at 401 ("Val-Com alleged no other facts contesting CitiMortgage's authority to conduct a non-judicial foreclosure sale. Once the district court had dismissed the underlying TILA and RESPA claims, there were no claims for which the district court could grant declaratory relief."). Plaintiffs are not entitled to declaratory relief because their underlying claims fail as a matter of law, and no separate basis for declaratory relief is alleged. *Id.* Defendant is, therefore, entitled to dismissal of Plaintiffs' request for declaratory judgment.

## IV. Conclusion

For the reasons stated, Plaintiffs have failed to state any claims upon which relief can be granted, and no separate basis for declaratory relief is alleged. Plaintiffs have not requested to amend their pleadings, and the court concludes that any attempt at amendment would be futile and unnecessarily delay the resolution of this action. Accordingly, pursuant to Rule 12(b)(6), the court **grants** Defendant's Motion to Dismiss (Doc. 4) and **dismisses with prejudice** this action. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 20th day of January, 2016.

Sam A. Lindsay
United States District Judge